Judge Logan
delivered the following opinion of the court:
This case is presented upon a rehearing. By the opinion before given, the claim of Webb was held superior for all the land in controversy. That opinion is predicated on the hypothesis that Galloway’s entry with the surveyor was variant from his location with the commissioners as to all the land in controversy; and as his entry with the surveyor was Subsequent to Webb’s, that it yyas therefore inferior.
Upon a review of the case, the opinion in this respect seems incorrect. , By the agreement of the parties, the improventents and objects iefered to in the entries, must be taken as if sufficiently established. Galloway’s is a preemption granted on the 22d of April, 1780; but which was not entered with the surveyor until since the entry qf *133 Webb by virtue of a common treasury warrant on the 31st of May,*1780. .
. Galioway’s claim is paramount in in its character, and must prevail, unless it has been sacrificed through the mismanagement of its proprietor. The first inquiry is, whether its location with the commissioners contains the necessary precision ? Its calls are, ‘‘lying on Stoner’s fork of ‘‘Licking creek, adjoining the mouth of a creek that comes “in below Michael Stoner’s land, about three or four miles, “and running east for quantity, to include his improvement.” !
The creek refered to, running into Stoner’s fork, is Huston; and the water courses and improvements being admitted, it only remains to ascertain the position which the location in the certificate gives. The survey thereof should begin at the mouth of Huston, and extend north and south equal distances therefrom, with fines at right angles east, placing the claim in a square. But should it be necessary, lor the purpose of including the improvement, then the claim must be extended south so far as will include the improvement by running east, still preserving the same figure.
■ Having ascertained the position of Galloway’s pre-emption from his location with the commissioners, the next en-quiry is, whether the pre-emption dignity has been impaired by the entry with the surveyor?
The entry with the surveyor was made on thedhh of December, 1782; by John Craig and Robert Johnson, as assignees of John May, who was assignee of Win. Galloway, calling to fie “on the south side of Stoner’s fork, including “his improvement, as near the centre of a survey as may “be, twice as long as wide, and between James Galloway’s “and Reed’s improvements.’! ’ ’ 1 •
There is certainly considerable difficulty in ascertaining precisely the meaning of this entry. J. Galloway’s and Reed’s improvements are on the north side of Stoner, and Wm. Galloway’s on the south side; all near the creek: the two former several miles apart — Reed’s below, and not distant from the improvement of Wm. Galloway: so that the entry of Wm. Galloway in being bounded below by Reed’s improvement, and extended up tbe creek twice as long as wide; would include bis improvem'ent considerably nearest tbe lower end of the survey.
It is; horvever, the opinion of tbe court, that, this entry (should be surveyed on the south side, and beginning on Sto- *134 ner — extended down the creek to Reed’s improvement, and up the creek twice as Jong as wide. And it is not material in this case as to the precise figure it should assume, whether from the creek as its base, or whether the lines should be regulated by the course from Reed’s to James Galloway’s improvement; because, in either manner, the land in controversy, which falls within the location with the commissioners, ivill be comprehended. And so far, and so far only, Joes the claim of the appellants retain its primitive dignity; and for this much it is superior to the claim of Webb.
The decree of the circuit court must be reversed with cost, and the cause remanded, that a decree may be rendered conformably to this opinion; and the residue of the former opinion of this court stand unaltered.